UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LING FISHER,

    Plaintiff,

v.

PRIORITY MORTGAGE, INC., et al.,

    Defendants.

CASE NO. C03-3585RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court for consideration of defendant Washington Mutual's motion to dismiss for failure to cooperate in discovery and failure to prosecute (Dkt. #24). Although plaintiff has opposed the motion, the Court finds merit in defendant's arguments, and for the reasons set forth below now grants this motion.

FACTUAL BACKGROUND

This complaint, which was filed in 2003, arises out of a 1999 mortgage loan plaintiff Ling Fisher obtained from defendant Washington Mutual through a mortgage broker, defendant Priority Mortgage. Plaintiff alleges fraud, misrepresentation, violations of the Consumer Protection Act and Truth in Lending Act, and other violations. The action was stayed following the bankruptcy filing by defendant Priority Mortgage. After more than a year passed, plaintiff was directed to file a status report advising the Court of the status of the bankruptcy. Plaintiff, in response, advised the Court that the bankruptcy proceedings

ORDER GRANTING MOTION TO
DISMISS - 1

had been completed and that Priority Mortgage should be dismissed, but that she would maintain the case against the remaining defendant, Washington Mutual. The Court then issued a standard order directing the parties to confer and file a Joint Status Report on or before August 2, 2005. Under that Order, the process which leads to creating the Joint Status Report is to be initiated by plaintiff.

When no Joint Status Report was filed by November 29, 2005, almost four months after it was due, the Court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with the Court's orders.[1] Dkt. # 18. The Joint Status Report was finally filed on December 8, 2005. The Court then issued a scheduling Order, setting among other dates, a discovery cut-off date of July 10, 2006 and a trial date of November 6, 2006.

Apart from a notice of unavailability of counsel for a two-week period in the spring of 2006, nothing further was filed by either party until plaintiff's counsel filed a notice of withdrawal on June 28, 2006. Dkt. # 23. This notice was stricken by the Court for counsel's failure to comply with the local rules regarding appearance and withdrawal of attorneys. Dkt. # 28. Counsel did not subsequently file a motion to withdraw as required and thus remains counsel of record.

On July 13, 2006, after the close of discovery, defendant Washington Mutual filed this motion to dismiss, based in part on plaintiff's failure to appear for her noted deposition on three separate occasions. As this motion was filed after plaintiff's counsel filed her ineffective notice of withdrawal, the Court re-noted the motion to dismiss to August 25, 2006 so that plaintiff would have an opportunity to oppose it. Plaintiff's opposition was timely filed, but fails to provide sufficient basis for denial of the motion.

## ANALYSIS

Defendant has moved for dismissal for failure to cooperate with discovery, pursuant to F.R.Civ.P. 37(d), and failure to prosecute, pursuant to F.R.Civ.P. 41(b). Rule 37(d) provides, in relevant part, that

> [i]f a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . .the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any

---

[1] This was the second time the Court had to issue such an order. The original Joint Status Report, prior to the bankruptcy stay, was to be due January 20, 2004, and plaintiff failed to file anything in response until the Court issued an Order to Show Cause on March 1, 2004. Dkt. # 7.

ORDER GRANTING MOTION TO
DISMISS - 2

> action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
> . . . In lieu of any order or in addition thereto, the court shall require the party failing to act
> or the attorney advising that party or both to pay the reasonable expenses, including attorney's
> fees, caused by the failure unless the court finds that the failure was substantially justified
> or that other circumstances make an award of expenses unjust.

F.R.Civ.P. 37(d). Dismissal of the action is one of the sanctions specifically authorized under Rule 37(b)(2)C.

Rule 41(b) states, in relevant part,

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court,
> a defendant may move for the dismissal of an action or of any claim against the defendant. Unless
> the court in its order for dismissal otherwise specifies, a dismissal under this
> subdivision . . . operates as an adjudication upon the merits.

F.R.Civ.P. 41(b).

Defendant states that after six written and numerous oral requests for a deposition date, plaintiff's deposition was finally set on June 5, 2006. An hour before the starting time for the deposition, defendant received notice from plaintiff's counsel that plaintiff was unlikely to appear. Defendant rescheduled the deposition for June 15, 2006, and again sent notice to plaintiff. Counsel and the court reporter waited for thirty minutes past the scheduled time, but plaintiff failed to appear or to contact anyone to explain her failure. Plaintiff finally arrived at the deposition twenty minutes later, after everyone had departed. The following day, defendant contacted plaintiff's counsel to re-schedule the deposition once again, On June 26, when defendant had not heard back from plaintiff's counsel regarding a suitable time for the deposition, defendant sent plaintiff a third deposition notice, setting the deposition for July 10, the final day of discovery. On June 28, counsel for plaintiff attempted to withdraw from the case, but as noted above her notice was stricken by the Court. However, on June 29, believing that plaintiff was now proceeding *pro se*, defendant advised plaintiff by mail to her address of record that it would move for dismissal of the case if she failed to appear for this third deposition. On July 10, both defense counsel and plaintiff's counsel attended the scheduled deposition, but plaintiff never appeared, despite the advice she had received regarding the consequences.

In opposing the motion to dismiss, plaintiff's counsel states that her office may be responsible for plaintiff's failure to attend the first deposition, because her legal assistant was not able to contact plaintiff

ORDER GRANTING MOTION TO
DISMISS - 3

to confirm the deposition. Counsel than asserts that plaintiff was late to the second deposition because of difficulty finding a parking space, and that she "forgot" about the third one. Counsel also states that plaintiff has "indicated willingness to present herself for deposition in the future." Opposition to Motion to Dismiss, p. 8. Notably absent from this opposition, however, is any affidavit or declaration asserting these facts and intentions from plaintiff herself. Instead, counsel has repeatedly referred to her difficulties in contacting plaintiff and getting responses from her. Indeed, it was counsel's inability to communicate with her client, together with "differing viewpoints on the case", that caused counsel to attempt to withdraw from representation. *Id*. at p. 5.

Plaintiff's failure to attend her three noted depositions is not the only basis upon which defendant moves for dismissal. Defendant asserts that plaintiff also failed to meaningfully participate in discovery. Her responses to written interrogatories were more than four months late, and in many cases failed to provide any factual basis for her claims against Washington Mutual. Instead, she repeatedly referred back to the factual statements in the complaint, most of which were directed toward defendant Priority Mortgage rather than Washington Mutual. She also failed to identify certain witnesses who had knowledge of the facts regarding her loan, such as her own daughter who was present at the document signing.

In opposing dismissal, plaintiff does not dispute any of these assertions. Indeed, counsel's explanation only reinforces the conclusion that plaintiff has failed to prosecute her action. Counsel states that

> [t]he discovery requests and proposed responses were sent to Ms. Fisher in January 2006 and counsel for both parties agreed that timeframe was acceptable. Counsel for Ms. Fisher spoke with her client after she received the documents in the mail and was assured that Ms. Fisher would provide the responses. However, they were not provided during the remainder of January 2006 or February 2006.
>
> Counsel for Ms. Fisher, a solo practitioner, began a trial in King County Superior Court on March 7, 2006 and remained in trial, with occasional breaks, from March 7, 2006 through March 23, 2006, when she left for a pre-planned and prepaid vacation until April 9, 2006. . . . Meanwhile, upon her return from vacation . . . counsel for Ms. Fisher resumed her efforts to obtain discovery responses from Ms. Fisher. After getting Ms. Fisher into her office to work on the discovery responses in person, [counsel] sent out the final responses for approval and verification by Ms. Fisher. There was again a delay in receiving the signed responses from Ms. Fisher. Nevertheless, in order to avoid further delays to counsel for

ORDER GRANTING MOTION TO
DISMISS - 4

defendant WAMU, counsel for Ms. Fisher provided the final draft version by e-mail.  **As of the date of this filing, counsel for Ms. Fisher has not received signed verification of the discovery responses from her client**.

Opposition to Motion to Dismiss, p. 2-3 (emphasis added).

The record here demonstrates that plaintiff has not only failed to attend her deposition on three separate occasions, she has otherwise failed to cooperate with discovery, and has missed numerous deadlines imposed by both Court order and by the Federal Rules of Civil Procedure.  She has failed to communicate with counsel or to assist her in prosecuting her claims, to the point that counsel felt it necessary to withdraw from representation. Plaintiff's conduct has impeded the Court's ability to manage its docket, and has prejudiced defendant's efforts to present a defense.  Plaintiff has provided no assurance to the Court and to defendant that this behavior will not continue.  Her complaint is thus subject to dismissal under both Rule 37(d) and 41(b).

Accordingly, defendant Washington Mutual's motion to dismiss is GRANTED.  As this is the only remaining defendant, the action is hereby DISMISSED.  The Clerk shall enter judgment in favor of defendant Washington Mutual in this matter.  As defendant has not requested expenses and attorney's fees as a Rule 37(d) sanction, no attorney's fees shall be ordered.

DATED this 8th day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 5